```
                                    IN THE CIRCUIT COURT OF THE
                                    NINTH JUDICIAL CIRCUIT IN AND
                                    FOR ORANGE COUNTY, FLORIDA

COLLATERAL PRESERVATION, LLC,       CASE NO.

        Plaintiff,                  COMPLEX BUS. LITIG. CT.
v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURG PENNSYLVANIA,
a foreign corporation,

        Defendant.
_____/
```

## COMPLAINT

Plaintiff, Collateral Preservation, LLC, as assignee of Transland Financial Services, Inc. ("Collateral Preservation"), by and through its undersigned counsel, hereby sues National Union Fire Insurance Company of Pittsburg Pennsylvania ("National Union") and alleges:

1. Plaintiff is a Florida limited liability company with its principal place of business as 3300 University Boulevard, Suite 218, Winter Park, Florida 32792.

2. Defendant is a foreign corporation incorporated under the laws of the State of Pennsylvania and is registered to do business in Florida. Defendant can be served through the Insurance Commissioner, Capital Building, Tallahassee, Florida 32304.

3. Jurisdiction and venue are proper in this court because National Union has breached the requirements of the subject bond by failing to pay amounts due thereunder in Orange County, Florida.

4. This is an action to recover on a Fidelity Bond for losses suffered by Transland due to fraudulent and dishonest conduct by certain employees.

5. All conditions precedent to filing this action have been either performed or waived or have otherwise occurred.

6. On or about August 20, 2007, Transland Financial Services, Inc. ("Transland") applied for a fidelity bond with National Union. National Union issued Bond Number 669-05-40 to Transland.

7. On or about August 22, 2008, the bond was renewed and was given the policy/bond number 950-92-02 (bonds numbered 669-05-40 and 950-92-02 are together referred hereafter as "Bond"). A true and correct copy of the Bond, including all riders, is attached hereto as Exhibit "A" and is incorporated herein by reference.

8. At all times relevant hereto, the Bond was in full force and effect.

9. The Bond provides coverage for "Loss resulting from dishonest or fraudulent acts committed by an Employee acting

2

alone or in collusion with others. Such dishonest or fraudulent acts must be committed by the Employee with the manifest intent: (a) to cause the Insured to sustain such loss, and (b) to obtain financial benefit for the Employee or another person or entity."

10. There have been several instances in which dishonest employees, as defined in the Bond, intended and in fact received financial benefit for themselves or others while Transland suffered losses due to these bad acts. All of these bad actions are described in detail in a Bankruptcy Examiner's Report produced by Robert Lynch, CPA, CFE, CVA, produced during the Transland's bankruptcy proceedings. A true and correct copy of the Bankruptcy Examiner's Report is attached as Exhibit A to the Proof of Loss submitted by Transland to National Union. A true and correct copy of the Proof of Loss is attached hereto Exhibit "B" and is incorporated herein by reference.

11. First, Roger Conner, III, Transland's president, sole director and chief executive officer, took $150,000.00 per year from Transland in the form of a large interest free loan of which he would authorize Ingrid Fermin, Transland's chief financial officer, to forgive a $50,000.00 portion.

12. Second, Mr. Conner forgave $16,000.00 in improper charges to a Transland account for the school tuition of the

daughter of Transland's chief operating officer, Edward Credille's.

13. It is obvious that the instances of debt forgiveness are a direct benefit for the dishonest employees, and the loss was suffered by Transland.

14. Finally, the largest portion of Transland's losses stemmed from the "lapping scheme" described in the Bankruptcy Examiner's Report.

15. When Transland received payoffs of loans which were required to be segregated and sent to Transland's respective client banks that had purchased the mortgages from Transland but had then contracted with Transland for servicing (the owners of the funds), Transland, at the direction of Mr. Conner, Mr. Credille and Ms. Fermin, diverted these funds for Transland's own use by paying its overhead and originating its own home loans.

16. Payments were still being made to the customer banks as if the payoffs did not occur. This eventually caused Transland's total downfall and tens of millions of dollars in losses, as it could not keep up with payments and payoff monies to the customer banks when they became due.

17. This lapping scheme occurred for years, and Transland was suffering gradually increasing losses before one of the

customer banks eventually discovered the fraudulent scheme. The dishonest employees knew the losses that Transland was suffering and intentionally continued the practice of the lapping scheme causing Transland's losses.

18. Transland suffered tens of millions of dollars in losses from all of these acts by dishonest employees.

19. Furthermore, It was the dishonest employees' intent that they or others would benefit from the bad acts of the diversion of funds and creation of the improper home loans.

20. The improper home loans that the dishonest employees caused Transland to originate with the customer banks' funds were pledged by the dishonest employees as collateral for capital loans that Transland received from investors.

21. One such investor was Conner Mortgage, LLC. Conner Mortgage, LLC was a 25% shareholder of Transland, and Mr. Conner was the sole member and, upon information and belief, the sole manager of Conner Mortgage, LLC.

22. On or about February 15, 2007, Connor Mortgage, LLC lent Transland $1,500,000.00 as evidenced by a promissory note. A true and correct copy of the promissory note is attached hereto as Exhibit "C" and is incorporated herein by reference.

23. The promissory note was secured by the improper home loans that were originated with customer bank funds.

24. The dishonest employees intended for Conner Mortgage, LLC, and ultimately Mr. Conner, to benefit from the creation of the improper home loans.

25. Conner Mortgage, LLC's benefits were a fully secured loan to Transland with risk of loss mitigated through the collateralization provided by the pledging of the mortgages originated with the customer banks' fraudulently retained money. This would not have occurred but for the "lapping scheme" that the dishonest employees created. A true and correct copy of a chart showing the improper loans securing Connor Mortgage, LLC's promissory note is attached to the February 15, 2007 Promissory Note as Exhibit "B" and is incorporated herein by reference.

26. The losses to Transland were discovered on August 10, 2007, and Transland timely sent its notice of claim to National Union. National Union assigned claim number 165-032272 to Transland's claim to the Bond. A true and correct copy of Transland's notice of claim is attached hereto as Exhibit "D" and is incorporated herein by reference.

27. Transland timely sent its proof of loss to National Union as required by the Bond.

28. On May 21, 2009, Transland assigned all right, title and interest it may have to the Bond and claim number 165-032272 to Collateral Preservation, LLC. A true and correct copy of the

assignment is attached hereto as Exhibit "E" and is incorporated herein by reference.

29. Despite providing National Union with all of the documents attached hereto, as well as many communications setting forth the bad actors, bad actions, Transland's losses and the benefits to the dishonest employees, National Union has failed and refused to fulfill its obligations under the bond.

WHEREFORE Plaintiff, Collateral Preservation, LLC, respectfully requests the court enter judgment in its favor and against Defendant National Union Fire Insurance Company of Pittsburg Pennsylvania, award the full amount of the bond to Collateral Preservation, LLC and grant such further relief the court deems just and proper.

Dated this 3rd day of August, 2009.

MCCLANE TESSITORE

/s/ J. Brock McClane
J. Brock McClane
Florida Bar No.: 777307
jbm@mcclanepa.com
David Barnett Brown
Florida Bar No.: 0018547
dbb@mcclanepa.com
215 East Livingston Street
Orlando, Florida 32801
(407) 872-0600
(407) 872-1227 FAX
Attorneys for Plaintiff